## 𝔖taunton

### JAMES E. BICKEL, ET AL. v. NATIONWIDE MUTUAL INSURANCE COMPANY.

September 10, 1965.

Record No. 5982.

Present, All the Justices.

*Thomas J. Harlan, Jr.* and *Robert G. Doumar* (*Doumar, Pincus, Anderson & Knight*, on brief), for the plaintiffs in error.

*Palmer S. Rutherford, Jr.* (*Rixey & Rixey*, on brief), for the defendant in error.

I'ANSON, J., delivered the opinion of the court.

This is an action on an insurance policy issued by the defendant, Nationwide Mutual Insurance Company, indemnifying plaintiffs, James E. Bickel and wife, against loss or damage to their automobile by collision.

The case was tried to a jury, and after hearing Mr. Bickel's testimony defendant moved the court to enter summary judgment for the plaintiffs for only the cost of repairs, storage and towing, pursuant to the terms of the insurance contract. Before sustaining defendant's motion and entering summary judgment for the plaintiffs in the amount of $801.90, which limited plaintiffs' damages to the cost of repairs, storage and towing, the trial court heard arguments of counsel and additional evidence out of the presence of the jury. Subsequently, the trial court amended the judgment by reducing the amount to $751.90, pursuant to the $50 deductible clause in the policy. Plaintiffs complained of the inadequacy of the damages, and we granted them a writ of error.

Plaintiffs contend (1) that the trial court erred in entering summary judgment limiting their recovery to the cost of repairs, storage and towing, rather than holding that their measure of damage was the difference in the market value of the automobile before and after the collision; (2) in not allowing damages for loss of their new car warranty; and (3) in denying reimbursement for the cost of rental of another automobile while their car was awaiting repairs.

On May 6, 1963, plaintiffs purchased from the Norfolk Motor Company, Norfolk, Virginia, a new 1963 Oldsmobile sedan for $2,950.83, and on the same day they procured from the defendant an insurance policy which indemnified them against damage to their automobile by collision. Four days later the automobile was involved in a collision in Upper Darby, Pennsylvania. It was towed to a local garage and the cost of repairing the car was estimated at $996.

Plaintiffs left the automobile in the Pennsylvania garage and returned to their home in Norfolk. Shortly thereafter they requested a representative of the defendant to replace the automobile with one of

like kind and quality, instead of repairing it. Defendant's representatives advised plaintiffs that the defendant's liability under the terms of the insurance contract was limited to the cost of repairs or replacement of the damaged parts with materials of like kind and quality.

After extensive negotiations over a period of nine weeks the parties were unable to reach an agreement on the settlement of the loss and plaintiffs had their car towed to the Norfolk Motor Company where it was repaired, with the approval of the defendant, at a cost of $695.40. Plaintiffs later complained that the repairs were not satisfactory and returned the car to the garage for additional repairs, which were made. The cost of the additional repairs was "incorporated in" the $695.40 bill. Plaintiffs were dissatisfied with the repair job because they say you can see where the new fender was joined to the old body, but they did not complain to the defendant or request that it have the condition corrected.

Plaintiffs were without the use of an automobile while negotiating with defendant's representatives, and they rented a car for five weeks at a cost of $527.45.

The following evidence was heard by the court, out of the presence of the jury, before entering summary judgment.

Testimony of two automobile salesmen fixed the fair market value of the automobile immediately before the accident at figures ranging from $2,050 to $2,400. They were of opinion that its fair market value after repairs was $1,700. One of them testified "that there was noticeable damage to the left side where it had been welded to the rooftop and to the trunk."

The body shop foreman at the Norfolk Motor Company testified that his company had done the best repair job on the car that it was possible to do.

[1] Plaintiffs first contend that the measure of their damage is the difference between the market value of the automobile before and after the collision, and not the cost of repairs.

The precise question presented has not heretofore been decided by this Court.

It must be remembered that the present action is not an action for damages, but is brought upon a contract of insurance, and that the provisions of the contract govern the measure of recovery rather than any rules applicable to cases sounding in tort. *Haussler* v. *Indemnity Co. of America*, 227 Ill. App. 504; *Housner* v. *Baltimore-American Ins. Co.*, 205 Wis. 23, 236 N.W. 546, 548; 5A Am. Jur., Automobile

Insurance, § 162, pp. 158, 159; 7 Am. Jur. 2d, Automobile Insurance, § 192, p. 531; 45 C.J.S., Insurance, § 911, p. 1005.

The pertinent provisions of the policy are as follows:

"To pay for loss caused by collision to the owned automobile * * * but only for the amount of each such loss in excess of the deductible amount [$50] stated in the declarations * * *.

\* \* \*

"The limit of the company's liability for loss shall not exceed the actual cash value of the property, or if the loss is of a part thereof the actual cash value of such part, at time of loss, nor what it would then cost to repair or replace the property or such part thereof with other of like kind and quality, nor, with respect to an owned automobile described in this policy, the applicable limit of liability stated in the declarations * * * .

\* \* \*

"The company may pay for the loss in money; or may repair or replace the damaged * * * property * * *."

The highest court of many states have construed the above quoted provisions, or ones similar thereto, but their holdings are not in harmony on the question of the measure of damages. 7 Am. Jur. 2d, Automobile Insurance, § 192, pp. 531-533; 5A Am. Jur., Automobile Insurance, § 162, pp. 158, 159; Annotation: 43 A.L.R. 2d 327, 329. For cases holding that the measure of recovery by an insured under an automobile collision policy was the cost of repairs, less the amount stipulated in the deductible clause, see the many cases collected in the annotation in 43 A.L.R. 2d 327, 338-342. For cases holding the difference in value before and after the collision to be the proper measure of damages, see those collected in 43 A.L.R. 2d 346-348. For more recent cases supplementing the annotation in 43 A.L.R. 2d 327, see 2, 3, and 4 A.L.R. 2d, Supp. Ser., at pp. 2936, 941 and 997, respectively.

However, it is generally held or recognized, under insurance contracts similar to the one in the present case, that when a damaged automobile cannot be repaired it is a total loss, and the liability of the insurer is the difference in the actual cash value of the car immediately before and after the accident, less the amount stipulated in the deductible clause. On the other hand, if the automobile is not a total loss and can be repaired, the liability of the insurer is to pay only the cost of repairs, less the amount provided for in the deductible clause. 7 Am. Jur. 2d, Automobile Insurance, § 192, pp. 531-533;

5A Am. Jur., Automobile Insurance, § 162, pp. 158, 159; Annotation: 43 A.L.R. 2d 327, and the numerous cases there collected.

Under the provisions of the policy here, the limit of defendant's liability for loss shall not exceed the actual cash value of the automobile, or if the loss is of a part then the cash value of such part, nor what it would cost to repair or replace the damaged part with other of like kind and quality, less the deductible amount of $50. Defendant was given the privilege of exercising an option of paying for the loss in money or to repair or replace the damaged property.

The evidence shows that only a part of plaintiffs' automobile was damaged. It was not a total loss because the cost of repairing it was well below the value of the car. Plaintiffs had the damage repaired by a garage of their own choosing after accepting the lowest of two estimates. They later returned the automobile for further repairs, which were made at defendant's expense. Plaintiffs conceded that the garage did "the best job possible." They made no further request of defendant to perform additional work or to correct any defective repairs. However, they now say that despite the repairs the automobile was not restored to its market value before the accident, which shows that the car could not be repaired properly, and that they are entitled to recover not only the cost of the repairs but, in addition, the difference in the market value of the car after the repairs were made.

In considering defendant's motion for summary judgment, the record shows that the trial court clearly stated that if all the damage to the automobile had not been repaired, or if the repairs had not been done in a workmanlike manner, it would submit those questions to the jury, because under the terms of the insurance contract the defendant's obligation was to repair the car properly. At that time plaintiffs conceded that all the work had been skillfully performed, and relied entirely on their contention that their measure of damages was the difference between the value of the car before and after the accident.

We agree with the trial court that under the provisions of the insurance contract and the evidence here, plaintiff's measure of damages is not the difference in the market value of the automobile immediately before and after the collision. The contract of insurance does not so provide. To apply such measure of damages would be arbitrarily reading out of the policy the right of defendant to make repairs or replace the damaged part with materials of like kind and quality. See *Home Ins. Co. of New York* v. *Tumlin*, 241 Ala. 356, 2 So. 2d 435, 437; *Haussler* v. *Indemnity Co. of America, supra;*

*Roberdeau* v. *Indemnity Ins. Co. of North America*, Tex. Civ. App., 231 S.W. 2d 948, 951; *Fedas* v. *Insurance Company of State of Pennsylvania*, 300 Pa. 555, 151 A. 285, 288; 45 C.J.S., Insurance, § 915(c), pp. 1013, 1014.

■ This is not a case of an insurer having an automobile repaired and then denying further liability under the contract when complaint was made that the repairs were not complete or that they were defectively performed. There, a different case from the one before us would be presented. See *Campbell* v. *Calvert Fire Insurance Co.*, 234 S.C. 583, 109 S.E. 2d 572, 576, 577; Annotation: 43 A.L.R. 2d at pp. 342-346.

■ Plaintiffs say that they are entitled to recover for the damage suffered from the loss of the manufacturer's warranty, which was automatically extinguished when the car was involved in the collision. There is no merit in this contention.

They have not pointed to any provision in the insurance contract covering damages for the loss of the new car warranty and none can be inferred from any of its language. Moreover, plaintiffs conceded that the value of the warranty could be determined only by conjecture and speculation.

■ In support of their contention that they are entitled to reimbursement for money expended to hire a car while negotiating with the defendant, plaintiffs rely on the provisions of condition 8(a) of the insurance contract, which states that:

"* * * the Insured shall * * * protect the automobile * * *; reasonable expenses incurred affording such protection shall be deemed incurred at the Company's request."

The provision relied on refers to storing the car in a safe place to protect it from further damage, which plaintiffs did in this case, and they were allowed to recover for the expense incurred. Neither this provision nor any other provision of the contract allows recovery for hiring an automobile during the period the owner is without a car as a result of a collision. Hence there is no merit in this contention.

For the reasons stated, the judgment is

*Affirmed.*