305 So.2d 882 (1974)
ARCH ROBERTS AND COMPANY, a Florida Corporation, et al., Appellants,
v.
AUTO-OWNERS INSURANCE COMPANY, a Michigan Corporation, Appellee.
No. V-200.
District Court of Appeal of Florida, First District.
December 10, 1974.
Rehearing Denied January 23, 1975.
James G. Feiber, Jr., West, Doughtie & Feiber, Gainesville, for appellants.
Carl D. Dawson, Dawson, Galant, Maddox, Sulik & Nichols, Jacksonville, for appellee.
McCORD, Judge.
This is an appeal from a final summary judgment. The material facts are not in dispute and the case was resolved on a point of law.
Appellants insured the automobile involved in this case with appellee against loss by collision and suffered a collision loss. Appellee's adjuster had an independent appraiser appraise the loss and this appraiser was of the opinion that the automobile was not a total loss and if it were repaired according to his appraisal, it would be returned to substantially the same value and the same condition as it was prior to the accident. Appellee elected to have the automobile repaired pursuant to the following election stated in the insurance policy:
"The company may at its option either repair or replace any part or all of the property upon which loss is claimed or pay to the insured in money the full amount of such loss as determined in accordance with the provisions of the policy, ..."
Appellee advised appellants of the election and that it had obtained an estimate to repair the vehicle for $2,737.10. Appellants contended that the vehicle could not be satisfactorily repaired, would not allow appellee to repair it, and sold it for salvage. Appellants then brought this suit and attached to their complaint the affidavits of two body shop operators, each of whom stated that he had examined the vehicle carefully and in his opinion it could not have been satisfactorily repaired. Each then added an explanation. One said:
"By that I mean that even if all the obvious damage were to have been repaired, the car would not have been the same car as it was before the wreck and *883 that the car would not have had the same value as it did immediately before the wreck."
The other stated:
"By that I mean that even if all the obvious damage were to have been repaired, the car would not have been the same car as it was before the wreck, and that the car would not have had the same value after the wreck, even though repairs had been made to it."
The trial judge, in his summary final judgment, found as follows:
"1. The insurance policy herein provides that `The company may at its option either repair or replace any part or all of the property upon which loss is claimed or pay to the insured in money the full amount of such loss as determined in accordance with the provisions of this policy, ...'.
2. The plaintiff sustained a loss on July 3, 1972 to the insured automobile and the defendant, after having secured an appraisal of said loss, elected to repair the plaintiff's automobile and offered to have the vehicle repaired at Beach Body Shop or Key Buick, who had agreed to the estimate of repair of $2,737.10. In addition thereto the company offered to pay for any overlooked or unforeseen damages.
3. The insured refused to permit his automobile to be repaired unless it could have been put in precisely the same condition it was in prior to the loss. Accordingly, the insured sold the automobile for salvage on July 19, 1972.
4. The defendant herein, under its contract, had the option to repair or replace and elected to repair. Upon making the election to repair, the defendant was under the duty to repair the automobile so as to restore it substantially to the same appearance, value and condition. The plaintiff herein prevented the defendant from having the repairs to the automobile made by disposing of the automobile for salvage.
5. This cause is distinguishable from the decision of Green v. Auto Owners Insurance Company, 1st DCA 1969, in that in the present cause the company, in offering the repairs, provided for unforeseen damages and did not seek to terminate its liability under the policy by having the plaintiff herein execute a release prior to the repair of his automobile.
6. The defendant's liability herein is limited to $2,737.10, the amount of the appraisal for repair."
Judgment was entered for appellants in the amount of $2,737.10, the amount of the estimate to repair the vehicle.
The trial judge was correct. The case he referred to in his judgment was this court's opinion in Auto-Owners Insurance Company v. Green, Fla.App.(1st), 220 So.2d 29. There, we held the contractual undertaking of the insurer for damages due to collision is substantial restoration as to function, appearance and value. The same is true here. There, Auto Owners insisted that upon electing to repair, its obligation was satisfied by having the car repaired and it requested the owner to sign a release before it made the repairs. There we said:
"... Although the appraisal indicated there was a possibility of undisclosed damages, there was a complete absence of any evidence that the adjuster ever assured Green during the negotiations that Auto-Owners would assume the responsibility of restoring the car to substantially the same condition as existed before the accident. There was no evidence that the release was conditional upon the insurer fulfilling this obligation. The adjuster admitted the release was not even subject to a condition that insurer was responsible for hidden damages although he testified the insurer *884 always assumed that responsibility. We find that under these conditions and this type of so-called negotiation, the insured was not obligated to accept the proposed repair job."
In the case sub judice appellee did not ask or require appellants to execute a release or any other document prior to repairing the automobile. Under the policy, appellee had the option to repair the automobile which it elected to do. Upon making that election it was then obligated to restore it to substantially the same condition as to function, appearance and value as existed before the accident. Should it fail to do so, it would then be liable to the owner for its value immediately prior to the accident. Appellants prevented appellee from exercising their option.
Affirmed.
RAWLS, C.J., and JOHNSON, J., concur.