754 P.2d 330

**Betty Kay JOHNSON,**
**Plaintiff/Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation, Defendant/Appellee.**

**No. 2 CA–CV 88–0003.**

Court of Appeals of Arizona,
Division 2, Department B.

Feb. 29, 1988.

Review Denied June 1, 1988.

Jack Levine, P.C. by Jack Levine, Phoenix, for plaintiff/appellant.

Ridenour, Swenson, Cleere & Evans by James W. Evans and Paul Ruderman, Phoenix, for defendant/appellee.

## OPINION

FERNANDEZ, Judge.

The single issue we are asked to decide in this appeal is whether appellee State Farm Mutual Automobile Insurance Company is required to pay appellant Betty Johnson $3,000 for the loss in value to her insured automobile in addition to the $5,064.48 it paid to have the vehicle repaired after it was damaged in a collision. We agree with the trial court that State Farm does not owe the money.

After a trial to the court on Johnson's breach of contract action, the court entered findings of fact and conclusions of law. The pertinent findings of fact are that Johnson was in an accident on October 14, 1984, that State Farm elected to repair the vehicle because repair costs were lower than the car's actual cash value, that State Farm did not delay the repair of the vehicle, that Johnson did not complain of any defective repair of the car, and that after it was repaired, the car was worth $3,000 less than it was worth at the time of the accident. Johnson does not dispute the findings of fact.

The applicable policy language on collision coverage reads as follows:

We will pay for *loss* to *your car* caused by *collision* but only for the amount of each such *loss* in excess of the deductible amount. . . .

\* \* \* \* \* \*

The limit of our liability for *loss* to property or any part of it is the lower of:

1. the actual cash value; or

2. the cost of repair or replacement. . . .

We have the right to settle a *loss* with *you* or the owner of the property in one of the following ways:

1. pay up to the actual cash value;

2. pay to repair or replace the property or part with like kind and quality. If the repair or replacement results in better than like kind and quality, *you* must pay for the amount of the betterment. . . . (Emphasis in original.)

The issue raised here, then, is the meaning of the phrase, "pay to repair or replace

the property or part with like kind and quality." Johnson contends it means that if State Farm chooses to repair the car, it must be restored to the value it had prior to the accident. Since the court found that her vehicle was worth $3,000 less after it was repaired, Johnson argues that she must also be paid that $3,000. Since we were not provided with the trial transcript, we do not know whether the $3,000 decrease in value was the result of telltale signs of repairs to the vehicle or the result of market psychology since some people will not purchase a vehicle that has been involved in an accident or some combination of the two.

There is a split of authority among the jurisdictions, and each party has cited numerous cases to us. We have come to the same conclusion as the trial court in this matter. We note initially that nowhere in the policy does there appear any language which requires State Farm either to restore the vehicle to its pre-accident condition or to pay the insured the difference in value after the accident as opposed to before. We also do not find any ambiguous language in the provision at issue.

A review of the cases cited convinces us that the better view is that State Farm's liability is limited by the terms of the policy to the cost of repairing the vehicle less any deductible payable by the insured. As the court in *Bickel v. Nationwide Mutual Insurance Co.*, 206 Va. 419, 423, 143 S.E.2d 903, 906 (1965), observed,

> We agree with the trial court that under the provisions of the insurance contract and the evidence here, plaintiff's measure of damages is not the difference in the market value of the automobile immediately before and after the collision. The contract of insurance does not so provide. To apply such measure of damages would be arbitrarily reading out of the policy the right of defendant to make repairs or replace the damaged part with materials of like kind and quality.

We note that many of the cases Johnson has cited to us involved different facts than the case before us. In several of the cases, the parties disputed the extent of damages and repairs required so that no repairs had yet been made, *Rossier v. Union Automobile Insurance Co.*, 134 Or. 211, 291 P. 498 (1930); *Karp v. Fidelity–Phenix Fire Insurance Co.*, 134 Pa.Super. 514, 4 A.2d 529 (1939), or there was a claim that the repairs made were defective, *Barton v. Farmers Insurance Exchange*, 255 S.W.2d 451 (Mo. Ct.App.1953); *Pierce v. American Fidelity Fire Insurance Co.*, 240 N.C. 567, 83 S.E. 2d 493 (1954); *American Standard County Mutual Insurance Co. v. Barbee*, 262 S.W.2d 122 (Tex.Civ.App.1953).

The judgment in favor of State Farm is affirmed. Each party is to bear its own costs on appeal.

LIVERMORE, P.J., and ROLL, J., concur.