818 So.2d 100 (2001)
Emelda JOHNSON, Individually and as a Representative of All Persons Similarly Situated
v.
ILLINOIS NATIONAL INSURANCE COMPANY.
No. 2000 CA 1775.
Court of Appeal of Louisiana, First Circuit.
November 9, 2001.
*101 Jody E. Anderman, Jules B. LeBlanc, III, Baton Rouge (Christopher A. Kesler, *102 Bruce B. Kemp, Sylvia Davidow, Houston, TX, of counsel), Counsel for Plaintiff/Appellant, Emelda Johnson.
William C. Helm, Baton Rouge, Michael P. Corry, Patrick J. Briney, Shannon J. Gremillion, Lafayette, Counsel for Defendant/Appellee, Illinois National Insurance Company.
James L. Donovan, Jr., Metairie, Counsel for Amicus Curiae, National Association of Independent Insurers.
Before: GONZALES, KUHN, and CIACCIO,[1] JJ.
GONZALES, J.
In this appeal, an insured challenges a summary judgment granted in favor of her insurer. The trial court determined that, under the terms of the insurance policy, the insurer was not obligated to compensate the insured for the diminished value of her vehicle that remained after the insurer paid to have the vehicle repaired.

FACTUAL AND PROCEDURAL BACKGROUND
On August 15, 1997, Emelda Johnson's 1993 Chevrolet Cavalier was damaged. Ms. Johnson filed a claim with her insurance company, Illinois National Insurance Company (Illinois), and Illinois paid to repair the vehicle. The amount paid by Illinois did not account for the diminished value of the vehicle.
On July 30, 1999, Ms. Johnson filed this purported class action suit on behalf of herself and similarly-situated Illinois insureds, claiming she and the other insureds were not properly compensated for the difference in the value of their insured vehicles before they were damaged in accidents and the value of the vehicles after repair, i.e., their diminished value. Illinois responded with a motion for summary judgment,[2] claiming its policy did not provide coverage for first-party diminished value claims. Ms. Johnson opposed the motion and filed a cross-motion for partial summary judgment on the issue of coverage.
After a hearing on the motion, the trial court signed a judgment dated May 23, 2000, granting Illinois' motion for summary judgment and declaring that Illinois' policy did not provide coverage for diminished value. In its reasons for judgment, the trial court concluded that the matter was one of contract interpretation, that the contract between Illinois and Ms. Johnson afforded Illinois the option of either paying the value of the vehicle at the time of the accident or having it repaired, and that this obligation did not include the obligation to pay for diminished value.
Ms. Johnson appeals from this adverse judgment, contending the trial court erred in finding Illinois' policy did not provide coverage to its policyholders for diminished value claims.

SUMMARY JUDGMENT
An appellate court reviews a trial court's decision to grant a motion for summary judgment de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Independent Fire Insurance Company v. Sunbeam Corporation, 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226, 230. The summary judgment procedure is favored and is designed to secure *103 the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2); Rambo v. Walker, 96-2538 (La. App. 1 Cir. 11/7/97), 704 So.2d 30, 32. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); West v. Clarendon National Insurance Company, 99-1687 (La.App. 1 Cir. 7/31/00), 767 So.2d 877, 879. When a contract is not ambiguous or does not lead to absurd consequences, it will be enforced as written and its interpretation is a question of law for the court to decide. La. C.C. art. 2046; Sanders v. Ashland Oil, Inc., 96-1751 (La. App. 1 Cir. 6/20/97), 696 So.2d 1031, 1035-1037, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. Thus, when the parties agree they are bound by a valid contract and that the material facts involved in the dispute are not contested, the contract's application to a case is a matter of law and summary judgment is appropriate. American Deposit Insurance Company v. Myles, 2000-2457 (La.4/25/01), 783 So.2d 1282, 1286.

DISCUSSION
The relevant provisions of the Illinois policy provide:
PART DCOVERAGE FOR DAMAGE TO YOUR AUTO
Insuring Agreement
A. We will pay for direct and accidental loss to "your covered auto" ..., minus any applicable deductible shown in the Declarations.... We will pay for loss to "your covered auto" caused by:
. . .
2. "Collision ..."
. . .
Limit of Liability
A. Our limit of liability for loss will be the lesser of the:
1. Actual cash value of the stolen or damaged property; or
2. Amount necessary to repair or replace the property with other property of like kind and quality.
This court has recently addressed the issue of first-party[3] diminished value insurance claims in Campbell v. Markel American Insurance Company, XXXX-XXXX (La.App. 1 Cir. 9/21/01), ___ So.2d ___, 2001 WL 1105312.[4] In Campbell, the relevant policy language was very similar to that contained in the Illinois policy. The collision coverage of the Campbell policy obligated the insurer to pay for "direct and accidental loss," but the policy also limited the insurer's liability to the lesser of the "actual cash value" of the damaged vehicle or the amount necessary to "repair or replace" it. In interpreting the policy, we determined the limitation of liability language giving the *104 insurer the option to "repair" a damaged vehicle did not obligate it to compensate the insured for any diminution in market value that might remain after the insurer had paid "for a full and adequate physical repair of [the] damaged vehicle." Campbell, XXXX-XXXX, p. 18, ___ So.2d at ___. Based on the validity of the limitation of liability clause, we rejected the insured's arguments that diminished value had to be covered as a "direct and accidental loss." Accord Townsend v. State Farm Mutual Automobile Insurance Company, 34,901 (La.App. 2 Cir. 8/22/01), 793 So.2d 473.
As noted, the language of the Illinois policy in the present case is very similar to the language at issue in the Campbell case. Therefore, for the same reasons set forth in Campbell, we reject Ms. Johnson's arguments that diminished value should be covered under the Illinois policy as a "direct and accidental loss" or as encompassed by Illinois' duty to "repair" her vehicle. The only difference in the Illinois policy that needs to be addressed is that the limitation of liability provision in the Illinois policy provides that the repair or replacement of the damaged vehicle be with "property of like kind and quality." Courts in other states have interpreted this "like kind and quality" language as ambiguous and, in certain circumstances, as obligating the insurer to provide the insured with the means of acquiring a vehicle that is substantially similar in function and value to that which the insured had prior to the accident, i.e., providing coverage for diminished value. Hyden v. Farmers Insurance Exchange, 20 P.3d 1222, 1225 (Colo.App. 2000), cert. denied, (4/16/01); see Cazabat v. Metropolitan Property and Casualty Insurance Company, 99-0544 (R.I.Super.4/24/00), 2000 WL 1910089. Yet, other courts have interpreted this same language as clearly providing no coverage for diminished value claims. Siegle v. Progressive Consumers Insurance Company, 788 So.2d 355, 359-361 (Fla. 4th DCA 2001); Johnson v. State Farm Mutual Automobile Insurance Company, 157 Ariz. 1, 754 P.2d 330, 331 (Ct.App.1988); Ray v. Farmers Insurance Exchange, 200 Cal. App.3d 1411, 246 Cal.Rptr. 593, 596 (3 Dist. 5/5/88).
We agree with those cases wherein it has been found that the "like kind and quality" language is unambiguous and does not provide coverage for diminished value claims. As noted by the Siegle court, 788 So.2d at 360, a repair with like kind and quality requires a vehicle to be restored to good condition with parts and workmanship of the same essential nature that existed on the vehicle prior to the accident. This restoration of the damaged vehicle may or may not return it to its pre-accident market value, but a return to market value is not what the words "repair" with "like kind and quality" commonly mean. The fact that a damaged, but adequately repaired, vehicle may realistically have a lesser value in the market place has nothing to do with the "quality" of the repair itself. Id.
In interpreting Illinois' policy, it is our duty to give the words of the policy their generally prevailing meaning and to enforce the policy as written when to do so leads to no absurd consequences. La. C.C. arts. 2046, 2047. In light of this duty, we determine that the inclusion of the "like kind and quality" language in the Illinois policy does not obligate Illinois to provide coverage for diminished value claims.

DECREE
For the reasons expressed herein, and under the holding of the Campbell case, the summary judgment granted by the trial court in favor of Illinois National Insurance Company is AFFIRMED. Costs *105 of the appeal are assessed to Emelda Johnson.
NOTES
[1] The Honorable Philip C. Ciaccio, Judge (retired), Fourth Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The document setting forth Illinois' motion for summary judgment also sets forth a "Peremptory Exception of No Right of Action/No Cause of Action/Res Judicata."
[3] A "first party" diminished value claim is one asserted by an insured against his own insurer under his policy's collision coverage. This is to be distinguished from a "third party" diminished value claim wherein a plaintiff asserts a claim against a tortfeasor's insurer for property damage under the liability coverage of the policy. Our state courts have recognized that insurers may be held liable for third party diminished value claims. See Orillac v. Solomon, 33,701 (La.App. 2 Cir. 8/23/00), 765 So.2d 1185, 1188-1189; Davies v. Automotive Casualty Insurance, 26,112 (La. App. 2 Cir. 12/7/94), 647 So.2d 419, 422; Romeo, Inc. v. Broussard, 528 So.2d 231, 234 (La.App. 3 Cir.), writ denied, 533 So.2d 356 (La.1988).
[4] The same issue was addressed in Entremont v. American Central Insurance Company, XXXX-XXXX (La.App. 1 Cir. 9/21/01), an unpublished opinion decided by this court on the same day as the decision in Campbell.