Dear Mr. Cockerham:
This office is in receipt of the resolution of the Louisiana Board of Hearing Aid Dealers requesting an Attorney General's opinion. As I understand the question, the Board would like clarification of the term "repair service" as used in LSA-R.S. 37:2441 and LSA-R.S. 37:2442 and our opinion as to whether an individual who repairs hearing aids on a wholesale level must be licensed.
LSA-R.S. 37:2441 reads in pertinent part:
 . . . any person rendering or offering to render services for the sale, maintenance, and repair of any type of hearing aid as defined in R.S. 37:2442
shall hereafter be required to be registered and licensed and hereinafter provided, and it shall be unlawful for any person to engage in or offer to engage in the state hearing aid sales and repair service as defined in R.S. 37:2442 unless duly registered and licensed
In order to determine the meaning of repair as used in the above statute, one must look to the established rules of statutory construction. In general, statutory interpretation begins "as [it] must, with the language of the statute." Bailey v. United States,516 U.S. 137, 116 S.Ct. 501, 506, 133 L.Ed.2d 472 (1995). Where a statute is clear and unambiguous, and its application does not lead to absurd results, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La.Civ. Code art. 9. Moreover, "[t]he plain meaning of legislation should be conclusive, except in the `rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters' [in which case] the intention of the drafters, rather than the strict language controls." State v. Benoit,817 So.2d 11 (5/14/02).
LSA-R.S. 1:3 provides that words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language.[1] Louisiana law further requires that a word be given its generally prevailing meaning.[2] Although the courts have not addressed the definition of "repair" in relation to LSA R.S. 37:2441, they have determined in other cases that the term "repair" is not a term of art with a particular meaning, other than its generally prevailing meaning. As defined by Merriam Webster's Collegiate Dictionary, TenthEdition, the verb repair means "to restore by replacing a part or putting together what is torn or broken." As defined by Webster's CollegeDictionary, repair means "to restore to a good or sound condition after decay or damage; mend." Jurisprudence also indicates that the generally prevailing meaning of "repair" is "to fix anything that is broken."[3]
The legislature, through its broad use of the words "repair" and "services" in LSA-R.S. 37:2441 clearly and unequivocally expressed its intent to require all individuals who "repair" hearing aids as defined in LSA-R.S. 37:2442(3)[4] to be licensed. The statute does not specify whether the services for hearing aids are rendered on the "retail" or "wholesale" level, or with or without interaction with the general public, but rather states that " any person rendering or offering to render services for the sale, maintenance, and repair of any type of hearing aid as defined in R.S. 37:2442 shall hereafter be required to be registered and licensed " The wording of this statute is clear and unambiguous and must be applied as written.[5] If it is the intent of the legislature to limit those individuals who are required to be licensed under the law only to those with direct interaction with the public, it is up to them to amend the law to reflect their intention.
Based upon the application of the rules of statutory construction to the current language of LSA-R.S. 37:2441 and LSA-R.S. 37:2442 it is the opinion of this office, that all persons repairing hearing aids, regardless of their level of public interaction, must be registered and licensed in accordance with LSA-R.S. 37:2441.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL BY: ____________________________ KRISTI M. GARCIA ASSISTANT ATTORNEY GENERAL
[1] LSA R.S. 1:3 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning. The word "shall" is mandatory and the word "may" is permissive.
[2] LSA C.C. Art. 11 The words of a law must be given their generally prevailing meaning. Words of art and technical terms must be given their technical meaning when the law involves a technical matter.
[3] Townsend v. State Farm Mut. Auto. Ins. Co., 793 So.2d 473 (La.App. 2 Cir. 2001) citing South Central Bell Telephone Co. v. Barthelemy,
94-0499 (La. 10/17/94), 643 So.2d 1240; Intracoastal Pipe Serv., Co. v.Assumption Parish, 558 So.2d 1296 (La.App. 1st Cir. 1990), writ grantedin part, denied in part, 563 So.2d 863 (La. 1990).
[4] The following words or phrases, when used in this Chapter, shall have the following meanings: (3) "Hearing aid" means any wearable instrument or device designed for or represented as aiding or compensating for defective human hearing and any parts, attachments or accessories of such an instrument or device.
[5] LSA R.S. 1:4 when the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.