**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 01-30411

_____


MERLE MANGUNO, Individually and as a representative of all
persons similarly situated,

                                        Plaintiff-Appellant,

VERSUS


PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY,

                                        Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Louisiana
_____

January 8, 2002

Before JONES and DeMOSS, Circuit Judges, and FELDMAN, District
Judge.[*]

FELDMAN, District Judge:

        In November, 1993, Merle Manguno's 1990 Lincoln Towncar
was damaged in an accident.  Manguno's insurer, Prudential Property
and Casualty Insurance Company, paid her for the repair of the car,
but not for the difference between the car's pre-loss value and its
value after the repairs (its "diminished value").   Manguno's

_____

        [*]     District Judge for the Eastern District of Louisiana,
sitting by designation.

1

insurance policy provides that Prudential's liability is limited to the least of (1) the actual cash value of the damaged car, (2) the amount necessary to repair or replace the car with one of like kind and quality, or (3) the amount stated in certain declarations.

In September 1999, Manguno filed a putative class action in Louisiana state court against Prudential, on behalf of herself and other Prudential policyholders who were not compensated for the post-repair diminished value of their damaged vehicles. Manguno's complaint charged that because Prudential refused to compensate her for the car's diminished value, it had knowingly, intentionally, and deceitfully breached its contract with Manguno and others similarly situated. Manguno's petition also asserted that Prudential had hidden and concealed its obligations to its insureds. The petition added that "the amount in controversy does not exceed $75,000" and "plaintiffs are not seeking attorneys fees under La.R.S. 22:658." Prudential removed the case to federal court based on diversity jurisdiction. See 28 U.S.C. § 1332. Prudential asserted that the amount in controversy likely exceeds the $75,000 jurisdictional threshold because potential attorney's fees for the entire class should be aggregated and assigned to the class representative for purposes of determining diversity jurisdiction. Prudential submitted an uncontradicted affidavit stating that, if aggregated, the class attorney's fees would likely exceed $75,000. Manguno moved to remand the case to state court.

2

The motion was referred to a magistrate, who found that Manguno's petition contained facts which, if proved, would require an award of attorney's fees under Louisiana Revised Statute § 22:658.[1] The magistrate determined that the statutory attorney's fees should be aggregated and attributed to Manguno as the class representative under Louisiana Code of Civil Procedure article 595.[2] The magistrate disregarded Manguno's stated waiver of statutory fees because Manguno had neither verified her petition nor submitted a binding stipulation waiving a claim for such fees. Thus, the magistrate denied Manguno's motion to remand. The district court affirmed the magistrate's ruling and retained jurisdiction.

Prudential moved to dismiss, contending that Manguno's policy

---

[1]Louisiana Rev. Stat. 22:658 provides:

A.(1) All insurers issuing any type of contract . . . shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party of interest. . .
B.(1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs . . . when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of loss, of ten percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, together with all reasonable attorney fees for the prosecution and collection of such loss.

[2]Louisiana Code of Civil Procedure Article 595 provides:

The court may allow the representative parties their reasonable expenses of litigation, including attorney's fees, when as a result of the class action a fund is made available, or a recovery or compromise is had which is beneficial, to the class.

did not require Prudential to compensate her for the post-repair diminished value of her car. This motion was also referred to the magistrate, who found that the "repair or replace" language in the "limitation of liability" provision of Manguno's policy limited Prudential's obligation to compensating Manguno for the repairs to her car, and did not require the company to pay for post-repair diminished value. The magistrate recommended granting Prudential's motion, and the district court adopted the recommendation and dismissed the case. Manguno appeals the district court's failure to remand and its dismissal of her case. We affirm.

## I. Standard of Review

The district court's orders denying remand and dismissing Manguno's complaint are both reviewed *de novo*. See, e.g., Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882 (5th Cir. 2000); St. Paul Mercury Ins. Co. v. Williamson, 224 F.3d 425, 439-40 n.8 (5th Cir. 2000).

## II. Removal

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. See 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995); Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815 (5th Cir. 1993) (per curiam); Willy v. Coastal Corp., 855

4

F.2d 1160, 1164 (5th Cir. 1988). To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal. <u>Cavallini v. State Farm Mut. Auto Ins. Co.</u>, 44 F.3d 256, 264 (5th Cir. 1995). Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. <u>Acuna v. Brown & Root, Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000).

In this case, Prudential asserted federal jurisdiction on the basis of diversity jurisdiction, which, in a class action, requires complete diversity of citizenship of the named parties and an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Both parties concede that complete diversity exists, and that the jurisdictional issue this appeal focuses on is whether the case meets the $75,000 requirement.

We ordinarily consult the state court petition to determine the amount in controversy. <u>St. Paul Reins. Co. Ltd. v. Greenberg</u>, 134 F.3d 1250, 1253 (5th Cir. 1998). However, Louisiana prohibits plaintiffs from petitioning for a specific monetary amount. <u>See</u> La. Code Civ. P. art. 893(A)(1). Therefore, where, as here, the petition does not include a specific monetary demand, Prudential must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. <u>See</u> <u>De Aguilar</u>, 47 F.3d at 1412 (5th Cir. 1995). This requirement is met if (1) it is apparent from

5

the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount. See Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir. 1999); Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995); see also Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy. Foret v. State Farm Bureau Life Ins. Co., 918 F.2d 534, 537 (5th Cir. 1990); see also 14A C. Wright & A. Miller, Federal Practice & Procedure § 3712, at 176 (2d ed. 1985).

For purposes of determining the amount in controversy in a Louisiana class action, it has been the belief of some courts that Louisiana Code of Civil Procedure article 595 allocates to the class representative the aggregate attorney's fees sought for the entire class if a separate statute provides for recovery of attorney's fees as an element of damages. In re Abbott Laboratories, 51 F.3d 524, 526-27 (5th Cir. 1995), aff'd in part by an equally divided court, 120 S.Ct. 1578 (2000).[3] If the class

_____

[3]District courts after Abbott have disagreed on whether article 595 can be the basis for aggregating attorney's fees absent an additional statute allowing for the recovery of such fees. See Grant v. Chevron Chemical Co., 2001 WL 839010, *2 (E.D.La. 2001) (explaining the split among district courts). Some cases have interpreted Abbott to mean that attorney's fees may be aggregated only if a separate statute allows recovery of

6

representative's claims, including the aggregated attorney's fees, exceeds the jurisdictional minimum, then the district court may exercise supplemental jurisdiction over the claims of all class members. Id. at 529.

Manguno's petition alleges facts that, if proven, would give rise to a claim for attorney's fees under La.R.S. 22:658, which requires that an insurer pay any claim due to an insured within thirty days of receipt of proof of loss or face the possibility of penalties and fees. Manguno's allegations that Prudential knowingly, intentionally, and deceitfully failed to pay her according to her policy state a claim under this statute. See Louisiana Maintenance Services, Inc. v. Certain Underwriters at Lloyd's of London, 616 So.2d 1250 (La.1993)(stating that "arbitrary, capricious, or without probable cause" refers to insurers acting in bad faith); Steadman v. Pearl Assur. Co., 167

---

attorney's fees as an element of damages. See, e.g., Cooper v. Koch Pipeline, Inc., 1995 WL 931091 (E.D.La.1997) (Fallon, J.); Vaughn v. Mitsubishi Acceptance Corp., 1999 WL 1277541 (E.D.La.1999) (Sear, J.). Others have held that article 595, by its own force, allows for the aggregation of attorney's fees and does not require the support of a separate authorizing statute. See, e.g., Millet v. Marathon Oil Co., 1995 WL 396313 (E.D.La.1995) (Clement, J.); Kimball v. Modern Woodmen of America, 939 F.Supp. 479 (M.D.La.1996) (Parker, J.); In re Gas Water Heater Products Liability Litigation, 1996 WL 732525 (E.D.La.1996) (Duval, J.). This issue is pending on appeal, Grant v. Chevron Chemical Co., 2001 WL 839010 (E.D.La. 2001), appeal docketed, No. 01-30939 (5th Cir. August 13, 2001). Because Manguno has pled facts sufficient to sustain a cause of action under La.R.S. 22:658, which provides for an award of attorney's fees, this Court need not reach the issue of whether article 595 by itself supports the aggregation of potential fees.

7

So.2d 527 (La.App.Ct.1964)(defining "arbitrary" and "capricious" as without reasonable cause). Under Abbott, then, the district court was correct in aggregating attorney's fees for determining the jurisdictional amount as article 595 instructs.

Prudential carried its burden of proving the jurisdictional amount by submitting an undisputed affidavit stating (based on the number and value of claims submitted to Prudential during the relevant period) that the aggregate attorney's fees for the putative class would likely exceed $75,000. Thus, the case should be remanded only if Manguno can prove to a legal certainty that her recovery will fall below $75,000. Manguno may establish this by identifying a statute, or by filing a binding stipulation, that so limits her recovery. See De Aguilar, 47 F.3d at 1412.

Manguno's purported waiver of attorney's fees is ineffective. Louisiana Code of Civil Procedure article 862 provides that state courts will grant to a successful plaintiff the relief to which she is entitled, even if she has not demanded such relief. Likewise, in De Aguilar, state law did not limit the plaintiff's recovery to the amount specified in the *ad damnum* clause. This Court has expressed its concern about the possibility of "abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the

8

pleading." <u>De Aguilar</u> at 1410.

Moreover, it is improbable that Manguno can ethically unilaterally waive the rights of the putative class members to attorney's fees without their authorization. <u>See</u> <u>De Aguilar</u>, 47 F.3d at 1413 (holding that representative plaintiffs had no authority to limit class members' recovery); <u>see</u> <u>also</u> <u>Pendleton v. Parke-Davis</u>, 2000 WL 1808500, *5 (E.D.La. 2000). Thus, Manguno failed to demonstrate to a legal certainty that the amount in controversy did not exceed the jurisdictional amount. The district court properly denied Manguno's motion to remand.

## III. Dismissal

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion "is viewed with disfavor and is rarely granted." <u>See</u> <u>Kaiser Aluminum & Chem. Sales v. Avondale Shipyards</u>, 677 F.2d 1045, 1050 (5th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1105 (1983). The complaint must be liberally construed in the plaintiff's favor, and all facts pleaded in the complaint must be taken as true. <u>See</u> <u>Campbell v. Wells Fargo Bank</u>, 781 F.2d 440, 442 (5th Cir.), <u>cert.</u> <u>denied</u>, 476 U.S. 1159 (1986). A complaint should be dismissed under Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Lowrey v. Texas A&M University System</u>, 117 F.3d 242, 247 (5th Cir.

9

1997)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Although the Louisiana Supreme Court has not yet ruled on the issue of diminished value losses, two Louisiana appeals courts have recently held that almost identical "repair or replace" policy language does not require the insurer to pay for diminished value losses.  See Townsend v. State Farm Mut. Auto Ins. Co., 793 So.2d 473 (La.Ct.App. 2001); Campbell v. Markel Amer. Ins. Co., 2001 WL 1105312 (La.Ct.App. 2001).  In Townsend, for example, the Louisiana Court of Appeals for the Second Circuit pointedly said:

> [W]here an insurer has paid for full and adequate physical repair to a damaged vehicle when a first party claim is made, its obligation under the policy is satisfied and it is not required to pay for any reduction in market value of the vehicle . . . The policy provision requiring the insurer to pay the cost of repair or replacement limits the insurer's liability to the cost of restoring the vehicle to substantially the same physical condition as before the accident so that it is as fit for operation as it was prior to the occurrence of the damage.

Townsend, 793 So.2d at 480.  Townsend and Campbell guide this Court's Erie guess that the Louisiana Supreme Court would also find that the "repair or replace" language in Manguno's policy limits Prudential's liability to the cost of the actual and appropriate restoration of her car only, and it is not required to compensate her for the car's diminished value.  Thus, Manguno does not state a claim under Louisiana law upon which relief can be granted, and the district court's dismissal was proper.

10

The district court's rulings are, in all respects, AFFIRMED.