Lisa **LEWIS** and Jimmy L. Lewis Plaintiffs,

v.

**STATE FARM LLOYDS** Defendant.

No. CIV.A.G–02–246.

United States District Court, S.D. Texas, Galveston Division.

May 30, 2002.

Frank L Mauro, Lake Jackson, TX, for Lisa Lewis, Jimmy L Lewis, plaintiffs.

Christopher W Martin, Martin Disiere et al, Houston, TX, for State Farm Lloyds Inc., defendant.

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND, DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND DENYING PLAINTIFFS' REQUEST FOR SANCTIONS

KENT, District Judge.

This lawsuit arises out of a dispute over a homeowners insurance policy issued by Defendant State Farm Lloyds ("State Farm") to Plaintiffs Lisa Lewis and Jimmy L. Lewis. Two Motions are now before the Court: Plaintiffs' Motion to Remand and Plaintiffs' Motion for Leave to file a First Amended Complaint. For the reasons articulated below, both Motions are hereby **DENIED.**

### I.

On March 27, 2001, Plaintiffs purchased a home that, unbeknownst to them, contained dangerous levels of toxic mold. When they discovered the mold several days after the sale, Plaintiffs filed a damage claim under their State Farm homeowners policy. State Farm denied the claim, however, on grounds that Plaintiffs' home was ridden with mold prior to their purchase of the policy. Upon hearing of State Farm's decision, Plaintiffs filed the instant suit against the insurer in the 149th Judicial District Court of Brazoria County, Texas, alleging common law breach of contract and violations of both the Texas Deceptive Trade Practices Act and the Texas Insurance Code. State Farm subsequently removed the action to this forum pursuant to the Court's diversity jurisdiction, as set forth in 28 U.S.C. § 1332(a).[1] Plaintiffs now contend that State Farm improperly removed their claims because their claimed damages do not exceed $75,000.00.[2] Additionally,

---

1. Section 1332(a) states in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between ...citizens of different states." 28 U.S.C. § 1332(a).

2. It is undisputed that Plaintiffs and State Farm are citizens of different states.

Plaintiffs request leave to amend their Complaint to include claims against three additional Defendants.

## II.

■ A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). Such jurisdiction exists as long as the parties are completely diverse and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a). When ascertaining the amount in controversy in the context of a motion to remand, district courts query whether a plaintiff's state court petition, as it existed at the time of removal, alleged damages in excess of the statutory minimum. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir.1996). If the petition does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy requirement is satisfied. *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993); *see also Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002) (explaining that the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper). The removing party satisfies this burden if the court finds it "facially apparent" that the plaintiff's claimed damages likely exceed $75,000.00.

3. The Court acknowledges that Plaintiffs seek to file a First Amended Complaint that reduces the damages sought to (1) property damages in the amount of $54,890.26; (2) past and future mental anguish; (3) fear of future disease or condition; and (4) the cost of monitoring, remediating and preventing future mold. While Plaintiffs are indeed always free to amend their Complaint in a manner that downsizes the damages claimed, the damage figure alleged in Plaintiffs' First Amended Complaint plays no role in the Court's consideration of the instant Motion.

*Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).

## III.

■ In this case, Plaintiffs' Original Petition seeks property damages in the precise sum of $48,890.26 (plus interest). Thus, State Farm bears the burden of proving, by a preponderance of the evidence, that Plaintiffs' claimed unliquidated damages exceed $26, 109.74. State Farm easily meets this burden by showing that in addition to property damages, Plaintiffs' Petition seeks: (1) mental anguish damages; (2) damages arising from future disease and medical complications; (3) costs of monitoring, remediating and preventing mold in the future; (4) treble damages and statutory damages under the Texas Deceptive Trade Practices Act; (5) treble damages and statutory damages under the Texas Insurance Code; (6) exemplary damages; and (7) attorneys' fees. Given this lengthy list, the Court finds it beyond question that Plaintiffs' Petition alleges damages *far in excess* of the amount in controversy requirement. Not only do Plaintiffs seek treble damages, but they also seek exemplary damages which, if awarded, would no doubt increase Plaintiffs' award to a figure that transcends $75,000.00. Accordingly, the Court finds that State Farm has successfully carried its burden of demonstrating the propriety of its removal. As such, Plaintiffs' Motion to Remand for failure to satisfy the amount in controversy requirement is hereby **DENIED**.[3]

*See Reisman v. New Hampshire Fire Ins. Co.*, 312 F.2d 17, 19 (5th Cir.1963) ("The decisions under 28 U.S.C.A. § 1447 make it clear that once jurisdiction has attached, it cannot be subsequently divested"). As succinctly stated by the United States Supreme Court, "if the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction, the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294, 58 S.Ct. 586, 593, 82 L.Ed. 845 (1938).

## IV.

Having decided that State Farm properly removed Plaintiffs' claims to this forum, the Court now turns to Plaintiffs' Motion for Leave to Amend their Complaint wherein Plaintiffs seek permission to add three additional Defendants: James and Teressa Caskey (the previous owners of Plaintiffs' home) and Edward Rape (the individual who inspected Plaintiffs' home prior to the sale) (collectively "Non–Diverse Defendants"). Plaintiffs allege that the Non–Diverse Defendants are necessary parties to this action because all three were aware of the true state of Plaintiffs' home at the time of sale and nevertheless, failed to inform Plaintiff of its dreadful condition. In response, State Farm argues that the Fifth Circuit's holding in *Hensgens v. Deere & Co.,* 833 F.2d 1179 (5th Cir.1987), requires the Court to deny Plaintiffs' proposed amendment.

In *Hensgens,* the Fifth Circuit instructed courts to carefully scrutinize post-removal requests to add non-diverse parties because such decisions ultimately determine the continuance of a court's jurisdiction and have the potential to deprive deserving defendants of a federal forum. *Id.* at 1182. Specifically, the Fifth Circuit instructed that "[i]n this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.*

After considering these factors in conjunction with the precise factual scenario presented in this case, the Court concludes that the relevant circumstances overwhelmingly counsel against granting Plaintiffs leave to amend their Complaint. Most notably, the lone justification that Plaintiffs proffer for addition of the Non–Diverse Defendants is that the amendment is needed "for proper litigation of their claim only, and not for any other purpose." Such a vague and amorphous reason is wholly insufficient, however, to allay the Courts' suspicion that Plaintiffs' proposed amendment is intended solely to destroy diversity. Moreover, Plaintiffs offer no clue as to why the Non–Diverse Defendants did not become necessary "for proper litigation of their claim" until *after* State Farm effected its removal. Next, the Court notes that Plaintiffs' claims against State Farm (which deal with the scope of Plaintiffs' insurance coverage) are entirely distinct from Plaintiffs' claims against the Non–Diverse Defendants (which deal with whether those individuals deceived Plaintiffs with respect to the condition of their home prior to the sale).[4] Thus, there is no compelling reason to litigate both sets of claims in one proceeding; and Plaintiffs remain free to assert their unrelated claims against the Non–Diverse Defendants in a separate state court suit. And finally, Plaintiffs have been aware of their potential claims against the Non–Diverse Defendants for over ten months (as evidenced by two July 3, 2001 letters that Plaintiffs mailed to the Caskeys) and yet, failed to file claims against them until now.

---

4. Furthermore, Plaintiffs' claims against the Non–Diverse Defendants arise from allegations that those individuals failed to inform Plaintiffs of mold, a swarm of bees in the dining room and severe smoke damage in the kitchen. The claims relating to the bees and smoke damage are not even tenuously related to Plaintiffs' claims against State Farm (which deal with mold damage only).

The Court thereby reasons that Plaintiffs were far from diligent in seeking leave to amend. Thus, *Hensgens* decision mandates a determination that Plaintiffs' Motion for Leave to Amend must be **DENIED.**[5] This decision renders Plaintiffs' request for remand based upon a lack of diversity between the Parties **MOOT** and that request is **DENIED** as such. Finally, in light of the Court's instant decision, Plaintiffs' request for sanctions is emphatically **DENIED.**

**IT IS SO ORDERED.**

---

5. Although the Court denied Plaintiffs' Request to file an Amended Complaint adding the Non–Diverse Defendants, the Court reiterates that Plaintiffs are welcome to file an Amended Complaint that restates the amount in controversy (of course, as explained above, the restated damages will not affect the Court's subject matter jurisdiction).