IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-60403
Summary Calendar

---

DEENA LYNN VEST; TRACY CARL VEST, husband,

Plaintiffs-Appellants,

versus

STATE OF MISSISSIPPI; ET AL,

Defendants,

STATE OF MISSISSIPPI; TOMMY BARRETT, Individually and in his
Official Capacity,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:00-CV-48-P-B
--------------------
January 15, 2003

Before DAVIS, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Deena Lynn Vest and her husband, Tracy Carl Vest, appeal the grant of the defendants' FED. R. CIV. P. 12(b)(6) motion to dismiss their complaint which raised claims under 42 U.S.C. § 1983 and state law. The Vests argue that Patrolman Barrett's failure to try to locate Deena Vest's car after it was pushed from the road in an

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

accident violated the due process and equal protection clauses of the Fourteenth Amendment. We review the district court's ruling on a FED. R. CIV. PRO. 12(b)(6) motion de novo. See Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002).

The complaint alleged that the dispatch office was informed by an eyewitness that there had been a two-car collision, that law enforcement personnel were sent to the scene of a "one-car" accident, that, although physical evidence was present at the scene to indicate a two-car collision, no search efforts were undertaken for the other car, and that, even after the eyewitness told Patrolman Barrett of the location of Deena Vest's vehicle, no reasonable search efforts for the car were undertaken. "To plead a constitutional claim for relief under § 1983, [a plaintiff must] allege a violation of a right secured . . . by the Constitution or laws of the United States and a violation of that right by one or more state actors." Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198, 200 (5th Cir. 1994). However, the Due Process Clause of the Fourteenth Amendment does not generally require the government to protect its citizens against the acts of private actors. See DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195 (1989).

The gravaman of the Vests' complaint is negligence, and, therefore, it does not state a 42 U.S.C. § 1983 claim. See Jacquez v. Procunier, 801 F.2d 789 (5th Cir. 1986). Although they allege Patrolman Barrett's failure to make a reasonable search was "a

2

deliberate and intentional disregard and indifference to the safety and well-being" of the Vests, such conclusional allegations that are unsupported by facts do not state a claim under 42 U.S.C. § 1983. See Mowbray v. Cameron County, Tex., 274 F.3d 269, 278 (5th Cir. 2001), cert. denied, 122 S. Ct. 1912 (2002).

The Vests also argue that Patrolman Barrett's attempts to protect the police officer responsible for the accident rather than search for Deena's car represents "blue blindness" resulting in an equal-protection violation. The Vests offer no explanation of why they should be considered members of a protected class such that the Equal Protection Clause would be triggered by the facts of the instant case. See Johnson v. Morel, 876 F.2d 477, 479 (5th Cir. 1989), abrogated on other grounds, Harper v. Harris County, Tex., 21 F.3d 597 (5th Cir. 1994). The judgment of the district court dismissing the Vests' 42 U.S.C. § 1983 claims is AFFIRMED.

In a related state-law claim, the Vests also contend that the district court erred in holding that their claim did not come under the reckless-disregard exception to the Mississippi Tort Claims Act. Under the Mississippi Tort Claims Act (MTCA), the State is immune against claims "arising out of" "the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury." MISS. CODE ANN. § 11-46-9(1)(c). "'[R]eckless disregard' embraces willful or wanton conduct which

3

requires knowingly and intentionally doing a thing or wrongful act." Maye v. Pearl River County, 758 So. 2d 391, 394 (Miss. 1999). "Wantonness is a failure or refusal to exercise any care, while negligence is a failure to exercise due care." Turner v. City of Ruleville, 735 So. 2d 226, 229 (Miss. 1999).

Because the motion to dismiss was based on Federal Rule of Civil Procedure 12(b)(6), the complaint is liberally construed in the plaintiffs' favor, and all facts pleaded in the complaint must be taken as true. Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 725 (5th Cir. 2002). Such a motion is viewed with disfavor and is rarely granted. Id. A complaint should be dismissed under FED. R. CIV. P. 12(b)(6) only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Id.

The Vests' complaint alleged that Patrolman Barrett ignored the eyewitness's statement that there was a second car involved in the collision, which had gone into the ditch. They further alleged that no search efforts were undertaken by the defendants to ascertain the location of Deena Vest's vehicle. Accepting these facts as true, as we must, we cannot say that the Vests could prove no set of facts in support of their claim that would entitle them to relief under the reckless-disregard exception to the MTCA. See Turner, 735 So. 2d 226, 229; Manguno, 276 F.3d 720, 725. Accordingly, the district court's dismissal of their state-law claim is VACATED and REMANDED for further consideration, including

4

whether the district court should exercise its discretion to retain jurisdiction over the state-law claims.  See Hubbard v. Blue Cross & Blue Shield Ass'n, 42 F.3d 942, 947 (5th Cir. 1995).

AFFIRMED IN PART; VACATED AND REMANDED IN PART.