United States Court of Appeals
Fifth Circuit

**F I L E D**

June 5, 2003

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30836

_____

MICHAEL L. SCHWARTZ

Plaintiff - Appellant

v.

AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY INC.

Defendant - Appellee

_____

Appeal from the United States District Court
For the Eastern District of Louisiana
(01-CV-646)

_____

Before DAVIS, BENAVIDES, Circuit Judges, and RESTANI,[*] District
Judge.

PER CURIAM:[**]

Michael L. Schwartz ("Schwartz") appeals the district
court's grant of summary judgment in favor of American Express
Travel Related Service Company, Inc. ("AETRS") in his suit for
damages associated with AETRS's alleged unlawful cancellation of
his lines of credit.  Schwartz contends that the district court's

_____

[*] Judge, U.S. Court of International Trade, sitting by
designation.

[**] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment must be vacated for lack of subject matter jurisdiction and the suit remanded to state court.

Schwartz filed a petition in the Civil District Court for the Parish of Orleans seeking relief for the "severe anxiety, emotional distress, humiliation and embarrassment both past, present and future" he suffered, as well as past and present medical expenses incurred as a result of AETRS's termination of his credit. Schwartz also asserted an independent claim for intentional infliction of emotional distress. AETRS removed the suit to federal court on March 21, 2001, without objection. AETRS filed a counterclaim seeking payment of the balances on Schwartz's cards, and Schwartz filed an amended complaint alleging that he also suffered "substantial financial loss as a result of American Express's misrepresentation." In his deposition testimony, Schwartz alleged that as a result of his mental instability he lost a potential sale of his restaurant, the Camellia Grill in New Orleans. AETRS filed a Motion for Summary Judgment, and the district court granted summary judgment in favor of AETRS.

The appellate court reviews the question of subject matter jurisdiction de novo. Hussain v. Boston Old Colony Insurance. Co., 311 F.3d 623, 629 (5th Cir. 2002).

A state court action may be removed to federal court under 28 U.S.C. § 1441. That statute provides in relevant part:

> (a) Except as otherwise expressly provided by
> Act of Congress, any civil action brought in
> a State court of which the district courts of
> the United States have *original jurisdiction*,
> may be removed by the defendant or the
> defendants, to the district court of the
> United States for the district and division
> embracing the place where such action is
> pending. For purposes of removal under this
> chapter, the citizenship of defendants sued
> under fictitious names shall be disregarded.

(emphasis added). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." Manguno v. Prudential Property and Cas. Insurance. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995).

"To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal." Manguno at 723 (citing Cavallini v. State Farm Mut. Auto Insurance. Co., 44 F.3d 256, 264 (5th Cir. 1995)). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. " Manguno at 723 (citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000)). However, the Supreme Court has explained that:

> where after removal a case is tried on the
> merits without objection and the federal
> court enters judgment, the issue in
> subsequent proceedings on appeal is not
> whether the case was properly removed, but
> whether the federal district court would have
> had original jurisdiction of the case had it

been filled in that court.

Grubbs v. General Electric Credit Corp., 405 U.S. 699, 702 (1972).  In such a case, the appellate court should review the pleadings as they existed at the time the district court entered judgment.  Kidd v. Southwest Airlines, Co., 891 F.2d 540, 546 (5th Cir. 1990) (internal citations omitted).

In Caterpillar, Inc. v. Lewis, the Supreme Court held that "a district court's error in failing to remand a case improperly removed is not fatal to the ensuing adjudication if federal jurisdictional requirements are met at the time judgment is entered." 519 U.S. 61, 66 (1996).  In that case, complete diversity was lacking at the time Caterpillar removed the case to federal court.  One of the plaintiffs objected to the removal and moved to have the case remanded to state court.  The district court denied the motion to remand.  Prior to trial, the non-diverse parties settled.  Following a jury trial, the district court entered judgment in favor of Caterpillar.  The Court read Grubbs to say that "an erroneous removal need not cause the destruction of a final judgment, if the requirements of federal subject-matter jurisdiction are met at the time the judgment is entered." Id. at 73.

AETRS removed this case based on diversity jurisdiction. Both parties concede that diversity exists, and that the jurisdictional issue on appeal is whether the case meets the

$75,000 requirement for jurisdiction. Schwartz argues that AETRS did not prove that the amount in controversy met the $75,000 threshold. Although Grubbs and Caterpillar dealt with cases where subject-matter jurisdiction was lacking at the time of removal due to a lack of complete diversity, the same reasoning should apply to cases where the $75,000 threshold is not met before the case is removed.

A reviewing court should refer to the State court petition to determine the amount in controversy. See St. Paul Reinsurance Co. Limited. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998). However, Louisiana prohibits the specific pleading of damages. LA. CODE CIV. PROC. Art 893(A)(1). This court held in Manguno, that "where, as here, the petition does not include a specific monetary demand, [the removing party] must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." 276 F.3d at 723. "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." Id.

Viewing the pleadings as they existed at the time of judgment, it is apparent that the claims were likely to exceed $75,000. Schwartz sought damages for his past and future mental suffering and medical expenses. Additionally, he alleged that

-5-

AETRS caused him intentional infliction of emotional distress and "substantial" financial losses.  Thus, at the time the district court rendered judgment, the court would have had original jurisdiction had the suit been filed there.  Therefore, Schwartz's jurisdictional argument is without merit, and we AFFIRM the district court's grant of summary judgment in favor of AETRS.

AFFIRMED.