Maria MOLINA, Plaintiff,

v.

**WAL–MART STORES TEXAS, L.P., Defendant.**

No. EP–07–CV–271–PRM.

United States District Court,
W.D. Texas,
El Paso Division.

Feb. 27, 2008.

Daniela Labinoti, Scherr & Legate, PLLC, El Paso, TX, for Plaintiff.

Laura M. Enriquez, Arthur Robert Piacenti, Lucky, Enriquez, Piacenti & Smigiel, El Paso, TX, for Defendant.

### *MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND*

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered Plaintiff Maria Molina's "Motion to Remand," filed on August 31, 2007, and Defendant Wal–Mart Stores Texas, L.P.'s "Response

demonstrate that any further discovery is likely to be redundant and unproductive.

to Plaintiff's Motion to Remand," filed on September 14, 2007, in the above-captioned cause.[1] After careful consideration, the Court is of the opinion that Plaintiff's Motion to Remand should be denied for the reasons set forth below.

## I. BACKGROUND

Plaintiff is a resident and citizen of Texas. Def.'s Not. of Removal Ex. B. Defendant is a limited partnership, whose members it asserts are not citizens of Texas. *Id.* at ¶ 6.

Plaintiff commenced this action by filing her Original Petition in the County Court at Law Number Six in El Paso Country, Texas on June 25, 2007. *Id.* at ¶ 2. Defendant was served with the Original Petition on July 9, 2007. *Id.* at ¶ 3. Defendant timely filed its Notice of Removal on August 3, 2007, alleging diversity jurisdiction. *Id.* at ¶¶ 4, 7.

On August 31, 2007, Plaintiff filed the instant Motion to Remand wherein she argues that the Court lacks subject matter jurisdiction and the cause should therefore be remanded to state court. Pl.'s Mot. to Remand ¶ 1. Specifically, she argues that Defendant fails to establish (1) that the parties are diverse, and/or (2) that the amount in controversy exceeds $75,000. *Id.*

## II. LEGAL STANDARD

A party may remove an action to federal court if the action is one over which the federal court has subject matter jurisdiction. 28 U.S.C. § 1441(a). The jurisdiction of federal courts is limited. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir.2001). "[T]he burden of establishing federal jurisdiction rests on the party

seeking the federal forum." *Id.* The removing party must establish "that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). Any doubts as to the propriety of removal should be resolved in favor of remand. *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir.2000).

District courts have original jurisdiction over actions in which the requirements for diversity jurisdiction are satisfied. 28 U.S.C. § 1332. Diversity jurisdiction requires (1) a complete diversity of citizenship among the parties, and (2) an amount in controversy in excess of $75,000. *Id.* at § 1332(a). The diversity requirements must exist at the time a suit is filed in state court and at the time of removal. *In re Allstate Ins. Co.,* 8 F.3d 219, 221 (5th Cir.1993).

## III. ANALYSIS

### A. Diversity of Citizenship

Plaintiff argues that Defendant "fail[s] to bring forth any evidence or state sufficient facts to establish diversity jurisdiction exists" in its Notice of Removal. Pl.'s Mot. to Remand ¶ 12. In its Notice of Removal, Defendant asserts that it "is not a citizen of Texas because it is a limited partnership whose members are not citizens of Texas." Def.'s Not. of Removal ¶ 6. In its Response to Plaintiff's Motion to Remand, Defendant submits an affidavit from K. Elizabeth Crawford, the Subsidiary Administrator for Wal–Mart Stores, Inc. Def.'s Resp. to Pl.'s Mot. to Remand Ex. A. Therein, Crawford identifies the members of Defendant's partnership and explains that each member is a citizen of Arkansas.[2] *Id.* at ¶¶ 4–6.

---

**1.** Pursuant to Rule 6(d) of the Federal Rules of Civil Procedure and Local Rule CV–7(d), Plaintiff had until September 25, 2007, to file a reply to Defendant's Response. The Court has not received any reply to date.

**2.** Crawford identifies the members of Wal–Mart Stores Texas, L.P. at the time Plaintiff filed suit as Wal–Mart Rio Grande Investment, LLC and Wal–Mart Stores East, LP. Def.'s Resp. to Pl.'s Mot. to Remand Ex. A

█] The party asserting diversity jurisdiction must "distinctly and affirmatively allege[ ]" the citizenship of the parties. *Howery*, 243 F.3d at 919 (quoting *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir.1975)) (alteration in original). For purposes of diversity jurisdiction, a limited partnership "assumes the citizenship of each of its partners." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 856 n. 3 (5th Cir.2003).

█] Where there is a defective allegation of citizenship, a removing party may supplement its allegations to cure the defect. *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 147 (5th Cir. 1979) (citing 28 U.S.C. § 1653). A court may consider information contained in an affidavit filed subsequent to the notice of removal to determine whether there is an adequate basis for removal. *Willingham v. Morgan*, 395 U.S. 402, 408 n. 3, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969), *abrogated on other grounds in Osborn v. Haley*, 549 U.S. 225, 127 S.Ct. 881, 166 L.Ed.2d 819 (2007). Statements in a responsive pleading to a motion to remand may also cure jurisdictional defects in the removal petition. *Mendrop v. Shelter Mut. Ins. Co.*, No. 2:05CV15–P–B, 2006 WL 2246429, at *4 (N.D.Miss. Aug. 4, 2006) (finding that a formal motion to amend defects in a removal petition is not necessary and accepting a responsive pleading for that purpose).

Because Defendant does not identify its members or their citizenship, the Court finds its allegations regarding citizenship to be defective. *See Howery*, 243 F.3d at 919 (requiring citizenship to be "distinctly and affirmatively alleg[ed]"). However, by submitting Crawford's affidavit, Defendant has remedied its failure to set forth the citizenship of its members in its Notice of Removal. Therefore, the Court concludes that Defendant has satisfied its burden to show that complete diversity exists, and will turn to Plaintiff's second argument.

**B. Amount in Controversy**

█] Plaintiff's Original Petition does not identify a numerical amount of damages.[3] Where a petition does not include a specific monetary demand, a defendant may establish the propriety of removal by producing "summary judgment type evidence" which shows that the actual amount in controversy exceeds $75,000. *Manguno*, 276 F.3d at 723.

In support of removal, Defendant submits Plaintiff's pre-suit demand letter which it received on January 9, 2007. Def.'s Not. of Removal ¶ 7. In that letter, Plaintiff demanded $100,000 in damages for her injury. *Id.* at Ex. C. Plaintiff argues Defendant's reliance on the pre-suit letter is barred by *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir.1992). Pl.'s Mot. to Remand ¶ 13.

Contrary to Plaintiff's contention, *Chapman* addressed only the timeliness of removal. In *Chapman*, the Fifth Circuit held that a pre-suit document does not trigger the thirty day removal period set forth in 28 U.S.C. § 1446(b). *Chapman*,

¶¶ 4, 5. She states that both Wal–Mart Rio Grande Investment, LLC and Wal–Mart Stores East, LP are citizens of Arkansas. *Id.* She further states that on June 30, 2007, shortly after Plaintiff filed suit, Wal–Mart Stores Texas, LP merged into Wal–Mart Stores Texas, LLC. *Id.* Ex. A ¶ 6. According to Crawford, Wal–Mart Stores, Texas, LLC, the surviving entity, is a citizen of Arkansas. *Id.* Ex. A ¶ 6.

3. In Texas state court actions, " '[a]n original pleading ... shall contain ... (b) in all claims for unliquidated damages only the statement that the damages sought are within the jurisdictional limits of the court.' " *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995) (quoting Tex.R. Civ. P. 47(b)).

969 F.2d at 163. Plaintiff has not alleged that Defendant's removal was untimely. Thus, Plaintiff's reliance on *Chapman* is misplaced.

Pre-suit demand letters may be submitted as evidence to demonstrate that the amount in controversy exceeds $75,000. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir.1998) (examining the plaintiffs' pre-complaint demand letters to determine whether a claim for declaratory relief satisfied the requisite amount in controversy). *See also Hammel v. State Farm Fire & Cas. Co.*, No. 06-7470, 2007 WL 519280, at *4 (E.D.La. Feb. 14, 2007) (holding that the removing party established the requisite amount in controversy by submitting a pre-suit demand letter for $86,800).

Therefore, the Court finds that the pre-suit demand letter is evidence that the amount in controversy exceeds $75,000, and also finds Plaintiff's argument regarding Defendant's failure to establish subject matter jurisdiction to be without merit.

## IV. CONCLUSION

As Defendant has established that the parties are diverse and that the amount in controversy exceeds $75,000, the Court concludes diversity jurisdiction exists. Accordingly, the Court finds that it has subject matter jurisdiction over the above-captioned cause and that Plaintiff's Motion to Remand should be denied.

Accordingly, **IT IS ORDERED** that Plaintiff Maria Molina's "Motion to Remand" (Docket No. 4) is **DENIED**.