# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 21, 2014

Lyle W. Cayce
Clerk

No. 14-10188
Summary Calendar

ROSE MARY CLEWIS,

> Plaintiff - Appellant

v.

MEDCO HEALTH SOLUTIONS, INCORPORATED; KEVIN COCHENER;
TREY GORDON; DENNIS CLIFFORD,

> Defendants - Appellees

Appeals from the United States District Court
for the Northern District of Texas, Dallas
USDC No. 3:12-CV-5208

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

In October 2012, Rose Mary Clewis filed suit against Medco Health Solutions, Inc. (Medco), alleging that it violated the "American Disability Act, (ADA), and the Texas Commission on Human Rights Act (TCHRA), by denying, and or failing to reasonably accommodate" her disability. Medco timely removed the case to federal court, asserting that the court had federal question

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jurisdiction over Clewis's ADA claim and supplemental jurisdiction over her state law claims. Clewis filed a motion to remand in which she asserted that her claims did not present a federal question. The district court denied the motion, holding that Clewis's ADA claim presented a federal question and that it had supplemental jurisdiction over her state law claim which arose from the same facts as the ADA claim. The district court explained that Clewis's filing of an amended complaint that appeared to delete her ADA claim was of no consequence because it was filed in state court after the case had already been removed to federal court, and federal subject matter jurisdiction is determined at the time of removal.

On March 28, 2013, Clewis filed an Amended Complaint in which she sought relief only under state law. The district court granted Medco's motion to strike the Amended Complaint because it was filed more than three months after Medco filed its answer, without Medco's consent or leave of court, in violation of Federal Rule of Civil Procedure 15(a)(1).[1]

In July 2013, with leave of court, Clewis filed an Amended Complaint which Medco answered on August 5. On September 12, Clewis filed a "Second Amended Complaint" in which she alleged that Medco violated the Texas Labor Code. The district court denied Medco's motion to strike the Second Amended Complaint, and Medco filed its answer on October 23.

On December 6, 2013, Clewis filed a Third Amended Complaint in which she added Kevin Cochener as a defendant and asserted a claim against him for intentional infliction of emotional distress. On December 16, she filed another

---

[1] Rule 15(a)(1) provides:
A party may amend its pleading once as a matter of course within:
(A) 21 days after serving it, or
(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

motion to remand to state court, alleging that the district court lacked subject matter jurisdiction because she had deleted her ADA claim, and that diversity of citizenship was lacking because Medco and Cochener were citizens of Texas.

Medco moved to strike the Third Amended Complaint on the ground that it was filed in violation of Rule 15(a). Medco argued alternatively that, even if the court were to allow the amendment, the intentional infliction of emotional distress claim against Cochener "would have to be struck under Rule 12(f) because it is facially time-barred and serves only to inject immaterial and impertinent allegations that have nothing to do with this disability-discrimination case."

On December 31, Clewis filed a Fourth Amended Complaint in which she added two new defendants, Dennis Clifford and Trey Gordon. She asserted that she did not need consent or leave of court to file the amendment because it was in response to Medco's Rule 12(f)[2] motion to strike and was therefore authorized by Rule 15(a).

On January 15, 2014, the district court granted Medco's motion to strike Clewis's Third Amended Complaint because she filed it without leave of court and without Medco's consent. The court sua sponte struck the Fourth Amended Complaint for the same reasons.

On March 4, 2014, the district court denied Clewis's motion to remand and granted Medco's motion to dismiss. In its order, the district court explained that when a defendant removes a case to federal court because of the presence of a federal claim, a later amendment eliminating the federal claim that was the original ground for federal jurisdiction generally does not divest the federal court of jurisdiction. Concluding that issues of comity, convenience,

---

[2] Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

fairness, and judicial economy all weighed in favor of not remanding the case to state court, the district court concluded that it was appropriate to exercise supplemental jurisdiction over Clewis's state law disability discrimination claim. *See* 28 U.S.C. § 1367; *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). The district court dismissed Clewis's claims with prejudice under Federal Rule of Civil Procedure 41(b) because Clewis had failed to comply with its order that she provide a signed social security release form to Medco, despite having been warned that failure to comply would be viewed as willful and contumacious conduct resulting in dismissal of her complaint with prejudice. The court described at length the basis for its finding that Clewis's refusal to comply with its orders was willful and contumacious and that any lesser sanctions would not alter Clewis's conduct.

On appeal, Clewis argues that she had a right to file her Fourth Amended Complaint without consent and without leave of court and that the district court erred by denying her motion to remand because it lacked subject matter jurisdiction after she added non-diverse defendants in her Fourth Amended Complaint.

In support of her contention that she had a right to file her Fourth Amended Complaint without first obtaining Medco's consent or leave of court, Clewis relies on Medco's motion to strike her Third Amended Complaint. In that motion to strike, Medco argued that the entire complaint should be struck because it had been filed without consent or leave of court. Contrary to Clewis's contention, Medco's alternative request that the court strike the intentional infliction of emotional distress claim against Cochener under Rule 12(f) did not authorize her to file her Fourth Amended Complaint without first obtaining either Medco's consent or leave of court. But even if Medco's alternative request were construed as a Rule 12(f) motion which allowed the filing of the Fourth Amended Complaint, Clewis's addition of non-diverse

No. 14-10188

defendants in that complaint did not divest the district court of subject matter jurisdiction.  Medco removed the case to federal court on the basis of federal question jurisdiction.  As the district court explained repeatedly to Clewis, jurisdiction is determined at the time of removal.  *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 733 (5th Cir. 2002) ("To determine whether jurisdiction is present . . . we consider the claims in the state court petition as they existed at the time of removal.").  When the case was removed to federal court, Clewis's state court petition contained a federal claim for violation of the Americans with Disabilities Act.  Thus, the district court had subject matter jurisdiction.  Clewis does not challenge, and has therefore waived, any argument regarding the district court's discretionary decision to exercise supplemental jurisdiction over her state law claims, as well as the district court's findings of willful and contumacious conduct and its dismissal of her claims with prejudice under Rule 41(b).  The judgment of the district court is therefore AFFIRMED.[3]

---

[3] Clewis's motion for judicial notice is DENIED.