SAM R. CUMMINGS, SENIOR UNITED STATES DISTRICT JUDGE
On this day, the Court considered:
(1) Plaintiffs' Motion to Remand, filed November 16, 2018, and
(2) Defendant's Response to Plaintiffs' Motion to Remand, filed December 6, 2018.
Having considered the foregoing, the Court is of the opinion that Plaintiffs' Motion to Remand should be GRANTED . Accordingly, the above-styled and -numbered civil action is hereby REMANDED
*615 back to the 160th Judicial District of Dallas County, Texas.
I.
BACKGROUND
To provide insight, Texas Medicine Group, LLP, Texas Physician Resources, LLP, and Pediatric Emergency Medicine Group, LLP ("Plaintiffs") provide emergency services to patients who walk through the doors of emergency departments at 25 facilities throughout Texas. Plaintiffs allege to have provided emergency medical services to members of Molina's Health Insurance Exchange ("HIX") plans.[1] Specifically, beginning in 2017 to present, Plaintiffs allege to have rendered services to more than 3,800 patients who were enrollees in Molina's HIX plans.
Plaintiffs assert that Texas law requires Health Maintenance Organizations, such as Molina Health Care of Texas, Inc. ("Defendant"), to reimburse healthcare providers at the usual and customary rate.[2] Plaintiffs contend that Defendant has reimbursed less than 15% of Plaintiffs' usual and customary charges relating to the services rendered. Accordingly, on September 21, 2018, Plaintiffs initiated this civil action in the 160th Judicial District of Dallas County, Texas, therein asserting claims for: (1) violations of the Texas Insurance Code; (2) breach of contract; and (3) quantum meruit.
On October 18, 2018, Defendant removed the above-styled and -numbered civil action to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Defendant asserts that benefits for plans created under the Affordable Care Act are calculated pursuant to a defined formula under federal law; therefore, Plaintiffs' state law claims are transformed into and enveloped by federal law. Plaintiffs now move to remand this civil action back to state court.
II.
STANDARD
The federal district courts have original (federal-question) jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams , 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Thus, a plaintiff is the master of his complaint and may avoid federal jurisdiction by pleading only state-law causes of action, even if the plaintiff could also have brought a federal cause of action on the same facts. Elam v. Kansas City Southern Ry. Co. , 635 F.3d 796, 803 (5th Cir. 2011). Federal courts are duty-bound to examine their own subject-matter jurisdiction and may not proceed where it is apparent that jurisdiction does not exist. Union Planters Bank Nat'l Ass'n v. Salih , 369 F.3d 457, 460 (5th Cir. 2004).
A court may remand a case at any time on the motion of the parties, or sua sponte , when it determines that it *616 lacks jurisdiction. 28 U.S.C. § 1447(c). The party seeking to remove a case to federal court bears the burden of showing that federal jurisdiction exists and that removal was proper. Mumfrey v. CVS Pharm., Inc. , 719 F.3d 392, 397 (5th Cir. 2013). Any doubts should be strictly construed in favor of remand. Manguno v. Prudential Prop. and Cas. Ins. Co. , 276 F.3d 720, 723 (5th Cir. 2002).
III.
DISCUSSION
Plaintiffs seek to remand this civil action on the basis that: (1) their state law claims are not completely preempted by the Affordable Care Act; and (2) their state law claims do not necessarily depend on the resolution of a substantial question of federal law because (i) there is no federal issue necessary to resolve their state law claims, (ii) there is no federal issue that is actually disputed, (iii) there is not a substantial federal interest, and (iv) the balance of federal and state judicial responsibilities favors state court.
A. Preemption
The doctrine of complete preemption recognizes that "federal law can so completely preempt a field of state law that the plaintiff's complaint must be recharacterized as stating a federal cause of action." Aaron v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa. , 876 F.2d 1157, 1161 (5th Cir. 1989). This exception to the well-pleaded complaint rule "applies only in extraordinary circumstances when Congress intends not only to preempt certain state law, but to replace it with federal law." Cyr v. Kaiser Found. Health Plan of Texas , 12 F.Supp.2d 556, 566 (N.D. Tex. 1998) (citing Metro. Life Ins. Co. v. Taylor , 481 U.S. 58, 66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) ). Accordingly, the exception "requires a clearly manifested congressional intent to make causes of action removable to federal court." Id. (citing Aaron , 876 F.2d at 1163 ).
The Supreme Court has explained that "once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Caterpillar , 482 U.S. at 393, 107 S.Ct. 2425. However, the Supreme Court emphasized that:
[T]he presence of a federal question ... in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule-that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court.... a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing. Congress has long since decided that federal defenses do not provide a basis for removal.
Id. at 398-99, 107 S.Ct. 2425.
To the extent Defendant argues that federal question jurisdiction is supported by the doctrine of complete preemption, the Court is not persuaded. As set forth in Plaintiff's Motion to Remand, Congress clearly indicated that the Affordable Care Act does not preempt state law. Pl.'s Mot. to Remand p.5. Specifically, 42 U.S.C. § 18041 provides "[n]othing in this title shall be construed to preempt any State *617 law that does not prevent the application of the provisions of this title."
Defendant further contends the evidence it produced conclusively establishes that the plans it offers are controlled by federal law.[3] To support this proposition, Defendant points to its Marketplace Choice Bronze Plan, which provides:
Your covered services include essential health benefits as required by the Affordable Care Act.... The Affordable Care Act provides certain rules for essential health benefits. These rules tell Molina how to administer certain benefits and cost sharing under the EOC.
To the extent Defendant contends this evidence establishes that its plans are controlled by federal law, the Court is of the opinion Defendant is merely asserting a preemption defense. As set forth above, "the presence of a federal question ... in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule-that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court...." Caterpillar , 482 U.S. at 398, 107 S.Ct. 2425.
The Court further finds Defendant's "Greatest of Three" rule proposition without merit. Under the Greatest of Three rule, an insurer is required to pay an out-of-network provider of emergency services the highest rate according to the following three measures: (1) the median in-network rate; (2) the rate "calculated using the same method the plan generally uses to determine payments for out-of-network services;" or (3) the Medicare rate. 29 C.F.R. § 2590.715-2719A(b)(3)(A)-(C). As Plaintiffs correctly argue, the Greatest of Three rule was enacted by the Departments of the Treasury, Labor, and Health and Human Services. Of significance, those agencies recently noted the Greatest of Three rule does not preempt state law. As the agencies explained:
Under the GOT [Greatest of Three] regulation, the three prongs work together to establish a floor on the payment amount for out-of-network emergency services, and each state generally retains authority to set higher amounts for health insurance issued within the state.[4]
As such, the Court finds further support for its determination that the Affordable Care Act was not enacted to preempt state law. Therefore, the Court finds that the doctrine of complete preemption is not applicable to the matter now before the Court. In the Court's view, Defendant has attempted to assert a federal preemption defense, therein attempting to form the basis of federal question jurisdiction. Accordingly, Plaintiff's Motion to Remand is GRANTED as it relates to issue of preemption.
B. The Doctrine of Substantial Federal Question Jurisdiction
Under the substantial federal question doctrine, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, *618 which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg. , 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005). Fifth Circuit precedent holds that "federal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." Singh v. Duane Morris LLP , 538 F.3d 334, 338 (5th Cir. 2008).
Having reviewed the parties' briefings, the Court is of the opinion that there are no federal issues necessary to the resolution of Plaintiffs' state law claims. As set forth above, "[u]nder the [Greatest of Three] regulation, the three prongs work together to establish a floor on the payment amount for out-of-network emergency services, and each state generally retains authority to set higher amounts for health insurance issued within the state." As noted by Plaintiff, that is exactly what the Texas Legislature has done; it has decided to require Health Maintenance Organizations to protect their insureds by paying out-of-network providers for their services at the usual and customary rate.[5] At any rate, 42 U.S.C. § 18041 provides that "[n]othing in this title shall be construed to preempt any State law that does not prevent the application of the provisions of this title." A review of the Texas Insurance Code Section at issue indicates that it abides by the requirements of federal law-it simply does not prevent the application of Affordable Care Act. Accordingly, the Court is of the opinion Defendant fails to satisfy the first requirement necessary to invoke the doctrine of substantial federal question jurisdiction. Accordingly, Plaintiffs' Motion to Remand is GRANTED on this ground.
In the alternative, the Court further finds Defendant fails to satisfy the remaining three elements necessary to invoke the doctrine of substantial federal question jurisdiction. First, Defendant has failed to establish that a federal issue is actually at dispute. A review of the briefing submitted guides the Court to conclude that Defendant has failed to establish a dispute as to the federal issue it attempts to raise, the Greatest of Three rule. Further, the Court is of the opinion that Defendant has attempted to establish, in a rather conclusory fashion, the existence of a substantial federal interest. The Court finds the four reasons Defendant asserts to support its proposition of the existence of a substantial federal issue unpersuasive. Last, the Court agrees with Plaintiffs assertion that "insurance is an area of law that the federal government has largely left to the states to regulate." Pl.'s Mot. to Remand p. 6.[6] Accordingly, the Court finds that exercising jurisdiction of Plaintiffs' state law claims would disturb the balance of federal and state judicial responsibilities. Therefore, Plaintiffs' Motion to Remand is further GRANTED on the grounds that Defendant has failed to satisfy the remaining elements necessary to invoke the doctrine of substantial federal question jurisdiction.
IV.
CONCLUSION
In sum, the Court finds that Defendant has failed to satisfy its burden of showing *619 that federal jurisdiction exists and that removal was proper. Furthermore, the Court emphasizes that any doubts should be strictly construed in favor of remand. Manguno v. Prudential Prop. and Cas. Ins. Co. , 276 F.3d 720, 723 (5th Cir. 2002).
For the reasons set forth above, Plaintiffs' Motion to Remand is GRANTED and this civil action is REMANDED to the 160th Judicial District of Dallas County, Texas pursuant to 28 U.S.C. § 1447(c). The Clerk of this Court shall mail a certified copy of this Order to the County Clerk of Dallas County, Texas. Plaintiffs' request for attorney's fees is hereby DENIED because the Court finds that Defendant's assertion of federal question jurisdiction, while ultimately unpersuasive, was not clearly frivolous.
SO ORDERED this 2nd day of January, 2019.

As the parties recognize, HIX plans are created under the Affordable Care Act and are offered in Texas on the federal government's exchange, which are government-regulated marketplaces.

See Tex. Ins. Code Ann. § 1271.155"[a] health maintenance organization shall pay for emergency care performed by non-network physicians or providers at the usual and customary rate or at an agreed rate."

Plaintiffs' Petition includes an exert from Defendant's Marketplace Choice Bronze Plan. Accordingly, Plaintiffs have effectively incorporated the terms of Defendant's Plan into their Petition. See Fed. R. Evid. 106 ("If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other party-or any other writing or recorded state-that in fairness ought to be considered at the same time.")

Clarification of Final Rules Under the Affordable Care Act, 83 Fed. Reg. 19,431 (May 3, 2018).

See supra n. 2

"[T]he States enjoyed a virtually exclusive domain over the insurance industry." St. Paul Fire & Marine Ins. Co. v. Barry , 438 U.S. 531, 539, 98 S.Ct. 2923, 57 L.Ed.2d 932 (1978) ; see also 15 U.S.C. §§ 1011 -12.